IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BURNS & McDONNELL ENGINEERING COMPANY, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 05-0610-CV-W-GAF |
| WILLIAM H. ANDERSON D/B/A ANDERSON ENGINEERING, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Presently before the Court is a Motion to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) ("Rule 12(b)(2)") and for improper venue under Fed. R. Civ. P. 12(b)(3) ("Rule 12(b)(3)") filed by Defendant William H. Anderson D/B/A Anderson Engineering ("Defendant"). (Doc. #5). Defendant argues that the Court lacks personal jurisdiction over him as the facts do not support the exercise of the Missouri long-arm statute, Mo. Rev. Stat. § 506.500.1 ("the long arm statute"), and Defendant lacks sufficient contacts with Missouri to permit this Court to exercise jurisdiction over him. (Doc. #6). Defendant further argues that, even if this Court has personal jurisdiction over him, venue is improper in the Western District of Missouri. Id.

Plaintiff Burns & McDonnell Engineering Company, Inc. ("Plaintiff") opposes Defendant's Motion, arguing that Defendant transacted business in Missouri, entered into a contract in Missouri, and has sufficient minimum contacts with Missouri that personal jurisdiction over Defendant is proper in this Court.

1

(Doc. #8). Plaintiff also argues that venue is proper in the Western District of Missouri. Id. For the reasons set forth more completely below, Defendant's Motion to Dismiss for lack of personal jurisdiction is GRANTED.

**DISCUSSION**

**I.     Facts**

Defendant is an individual doing business as a sole proprietorship under the name of Anderson Engineering. (Doc. #6). Defendant's business provides engineering, surveying, and mapping services. Id. Defendant's principal place of business is located in Dillon, Montana. Id. His only offices are in southwest Montana, and he does work only in Montana, Idaho, and Wyoming. (Doc. #6).  Plaintiff is a Missouri corporation. (Doc. #1).

On or about January 28, 2003, Plaintiff entered into a contract with the U.S. Army, Corps of Engineers Omaha District ("COE") for land surveying services which included topographic mapping of a fish hatchery site located at Ft. Peck, Montana. (Doc. #1). In January 2002, Plaintiff had a telephone conference with Defendant and requested that Defendant furnish a proposal pertaining to the topographic mapping and surveying for the fish hatchery project. (Doc. #8). On January 21, 2002, Defendant faxed a cost estimate to Plaintiff in Kansas City, Missouri. Id. Shortly thereafter, Plaintiff sent Defendant a purchase order by mail relating to Defendant's January 21, 2002 quote and containing all the essential terms of the parties' agreement, including a detailed list of the work to be performed by the Defendant and the money to be paid by the Plaintiff. Id.  The front page of the purchase order states, "THIS PURCHASE ORDER CONSTITUTES AN OFFER ONLY AND IS SUBJECT TO THE ATTACHED TERMS AND CONDITIONS." (Doc. #8, Ex. A). Directly beneath this line, it reads "ACCEPTED

2

1/24/02 by" and provides a signature line delineated "SELLER." Id. The contract also provides another signature line delineated "Burns & McDonnell Engineering Company, Inc." Id. Page 3 of the purchase order reads, "Both copies of Agreement need to be signed by SELLER and returned to Burns & McDonnell Engineering Company, Inc., these copies will then be signed and one copy will be returned to SELLER. AFFIXING OF SIGNATURE INDICATES ABILITY TO COMPLY WITH REQUIRED DELIVERY AND ACCEPTANCE OF CONDITIONS CONTAINED." Id. On January 24, 2002, Defendant signed the purchase order at his Dillon, Montana office and mailed it back to Plaintiff. Plaintiff signed the purchase order on January 28, 2002 in its Kansas City, Missouri office. (Doc. #8).

By the terms of the agreement, Defendant agreed to provide consulting and land surveying services which entailed providing a topographic survey and utility location at the fish hatchery site. (Doc. #1). Throughout the project, Defendant communicated on an ongoing basis with the Plaintiff's Kansas City office via telephone, mail, and e-mail. (Doc. #8). For example, Defendant sent invoices to the Plaintiff's Kansas City office for work performed on the project and payments were sent to Defendant from Plaintiff's Kansas City office. Id. Defendant sent his completed topographic work to the Plaintiff by e-mail and, when the Plaintiff requested changes, Defendant also sent the changes to Plaintiff by e-mail. Id. However, no one representing Defendant ever went to Missouri in connection with the fish hatchery project, and Defendant has never maintained an office or an employee or representative in Missouri. (Doc. #6). Defendant has never done any surveying, mapping, or engineering work in the state of Missouri. Id.

In the Spring of 2004, the COE asserted a claim against Plaintiff allegedly arising out of the land surveying services performed by Defendant at the Montana fish hatchery site. (Doc. #1). Plaintiff claims that the COE's claims against it directly relate to an error in the survey provided by Defendant. Id.

3

Plaintiff claims that Defendant refused to indemnify, hold harmless, and assume the defense of the Plaintiff relating to the claim and, as a consequence, Plaintiff was forced to participate with the COE in the investigation and in the efforts to correct Defendant's surveying error. Id. Plaintiff further alleges that it was forced to pay the sums requested by the COE relating to the claim and, therefore, it seeks indemnification and reimbursement from Defendant for any judgments, attorney fees, and expenses incurred in resolving the COE's claim. Id. On July 8, 2005, Plaintiff filed suit against Defendant in this Court on the basis of diversity jurisdiction. Id. Plaintiff alleges causes of action for breach of contract, contractual indemnification, negligence, and breach of warranty. Id.

Defendant argues that he is not subject to personal jurisdiction under the long-arm statute because he has neither transacted business in Missouri nor entered into a contract in the state of Missouri. (Doc. #6). Defendant further argues that, even if his activity falls within the scope of the long-arm statute, subjecting him to jurisdiction in Missouri would violate due process.[1] Id. Plaintiff argues that Defendant's conduct relating to the fish hatchery project constitutes the transaction of business in Missouri, and that Defendant entered into a contract in the state of Missouri because the final signature on the contract between Plaintiff and Defendant was that of the Plaintiff. (Doc. #8). Plaintiff also asserts that the Defendant's contacts with the Plaintiff regarding the fish hatchery project establishes the minimum contacts necessary to make Defendant amenable to suit in Missouri. Id.

## II. Standard

---

[1] Defendant also argues that venue is improper in the Western District of Missouri. However, because the Court lacks personal jurisdiction over Defendant, the Court will not address whether venue is proper in the Western District of Missouri.

4

As the party seeking to invoke jurisdiction, the Plaintiff bears the burden of presenting facts which establish that jurisdiction exists. Mountaire Feeds, Inc. v. Argo Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982). Although "the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist." Id. at 653.

When considering a motion to dismiss for lack of personal jurisdiction, a federal court presiding over a claim brought pursuant to the court's diversity jurisdiction engages in a two-step inquiry. Scullin Steel Co. v. Nat'l Ry. Utilization Corp., 676 F.2d 309, 312 (8th Cir. 1982). First, the district court must determine "whether the defendant committed one of the acts enumerated in [Missouri's] long-arm statute." Id. Then, the court must consider "whether the exercise of personal jurisdiction over the defendant violates the Due Process Clause of the Fourteenth Amendment." Id. The Court will consider Missouri law when determining whether Defendant committed one of the acts enumerated in the long-arm statute. Id. at 311. However, the Court will apply federal law when considering whether the reach of Missouri's long-arm statute is limited by Due Process. Id.

**III. Analysis**

*A. The long-arm statute*

Missouri's long-arm statute, Mo. Rev. Stat. § 506.500, provides in relevant part:

> Any person...whether or not a citizen or resident of this state...who...does any of the acts enumerated in this section, thereby submits such person...to jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:...(1) The transaction of any business within this state; (2) The making of any contract within this state;...

The Plaintiff contends that the Defendant's actions regarding the fish hatchery project fall within the purview

of the "transaction of any business" and the "making of any contract" provisions of the long-arm statute. (Doc. #8).

To constitute the "transaction of any business" under the long-arm statute, some activity related to the transaction in question must be undertaken by the non-resident defendant in Missouri. Scullin Steel, 676 F.2d at 312. In the absence of additional contacts, communications by mail, telephone, and electronically, do not rise to the level of "transaction of any business" in Missouri. *See* Id.; CPC-Rexcell, Inc. v. La Corona Foods, Inc., 726 F.Supp. 754, 756 (E.D. Mo. 1989).

In the instant case, no activity by the Defendant rises to the level of transacting business in Missouri. All of Defendant's surveying work was done in Montana. (Doc. #6). Neither Defendant nor any of his employees ever went to Missouri in connection with the fish hatchery project. Id. Defendant has never maintained an office or an employee representative in Missouri, and Defendant has never done any surveying, mapping, or engineering work in Missouri. Id. In this case, the most that can be said to support a contention that Defendant transacted business in Missouri is that, following contact initiated by Plaintiff, Defendant and his employees, in Montana, communicated with employees of Plaintiff by mail and electronically. Because these types of contacts, without more, do not rise to the level of transacting business in Missouri for purposes of the long-arm statute, Defendant cannot be said to have engaged in the "transaction of any business" in Missouri.

Defendant also cannot be said to have made a contract in the state of Missouri. Under Missouri law, a contract is made where the last act necessary to form a binding contract occurs. State ex rel. Career Aviation Sales, Inc. v. Cohen, 952 S.W.2d 324, 326 (Mo. App. 1997) (citations omitted). Thus, for purposes of long-arm jurisdiction, a contract is made where acceptance occurs. Id.

6

In this case, Defendant sent Plaintiff a price quotation following Plaintiff's request. (Doc. #8). Plaintiff then sent Defendant a purchase order which contained all the essential terms of the parties' agreement, including a detailed list of the work to be performed by Defendant and the amount of money to be paid by Plaintiff. Id. On its front page, the purchase order states, "THIS PURCHASE ORDER CONSTITUTES AN OFFER ONLY AND IS SUBJECT TO THE ATTACHED TERMS AND CONDITIONS." (Doc. #8, Ex. A). Directly beneath this line, it reads "ACCEPTED 1/24/02 by" and provides a signature line delineated "SELLER." Id. The contract also provides another signature line delineated "Burns & McDonnell Engineering Company, Inc." Id. Defendant signed the purchase order in Montana and returned it to Plaintiff, who signed it in Missouri. Id. Plaintiff contends that, because the final signature on the purchase order was that of the Plaintiff, a binding contract was not formed until the Plaintiff "accepted" its own terms and conditions as stated in its own purchase order.[2] Id.

Johnson Heater Corp. v. Deppe, 86 S.W.3d 114 (Mo. App. 2002) is analogous to the instant case. In Johnson, one of the issues was whether a contract between the plaintiff, a Missouri resident, and the defendant, a Wisconsin resident, was made in Missouri for purposes of Missouri long-arm jurisdiction. Id. at 117-119. In Johnson, the defendant in Wisconsin received a proposal from the plaintiff with instructions to sign it and return it to the plaintiff. Id. Upon receipt of the signed proposal, the plaintiff ran a credit check on the defendant and then sent the defendant an "Order Acceptance." Id.

The Missouri Court of Appeals rejected the plaintiff's argument that the defendant's order was not

---

[2]Alternatively, the Plaintiff argues that Defendant's initial price quote should be considered the offer and Plaintiff's purchase order should be considered the acceptance. This argument is contradicted by the purchase order itself, which states, "THIS PURCHASE ORDER CONSTITUTES AN OFFER ONLY..."

7

accepted until the plaintiff sent the Order Acceptance to the Defendant. Id. The court observed that the proposal the plaintiff sent to the defendant explicitly stated that it was an offer and found that the offer was accepted when the defendant signed the proposal. Id. The court concluded that the Order Acceptance was merely an acknowledgment of the defendant's order. Id. Since acceptance occurred in Wisconsin, the contract was made in Wisconsin for purposes of the long-arm statute. Id.

The instant case is analogous to Johnson in that the Plaintiff's signature had no legal significance following Defendant's acceptance of the Plaintiff's offer. Rather, the contract became binding when the Defendant accepted Plaintiff's offer. The purchase order in this case does not indicate that Plaintiff's signature was required in order for a binding contract to be formed. Indeed, the Plaintiff's argument that its signature constituted acceptance is underscored by a provision on page 3 of the purchase order, which reads,

> Both copies of Agreement need to be signed by SELLER and returned to Burns & McDonnell Engineering Company, Inc., these copies will then be signed and one copy will be returned to SELLER. AFFIXING OF SIGNATURE INDICATES ABILITY TO COMPLY WITH REQUIRED DELIVERY AND ACCEPTANCE OF CONDITIONS CONTAINED.

The first sentence of this provision states unequivocally that when the purchase order copies signed by the Defendant are returned to Plaintiff, they then "will be signed" by the Plaintiff. There is no indication that Plaintiff reserved the right not to sign or that the offer contained in the purchase order was in any way contingent on Plaintiff's "acceptance" of its own conditions. Further, only Defendant had any "required delivery" with which to comply. Finally, the purchase order informs the Defendant that his "AFFIXING OF SIGNATURE INDICATES ...ACCEPTANCE OF THE CONDITIONS STATED." The contract was formed when the Defendant signed the offer on the line immediately following "ACCEPTED 1/24/02

8

by." It would be absurd to suggest that the Plaintiff must indicate acceptance of its own conditions after it submitted those conditions to Defendant, labeled its purchase order an "offer," and the Defendant signed on the line indicating acceptance and returned the agreement to the Plaintiff. The Plaintiff's signature was not necessary to form a binding contract; it was merely an acknowledgment of the Defendant's acceptance.

Plaintiff's purchase order was an offer to Defendant. Defendant accepted the offer in Montana, when he signed the purchase order, creating a binding contract. The contract was made in Montana, not Missouri, and, therefore, the Defendant is not subject to the jurisdiction of this court under the long-arm statute.

### B. *The Due Process Clause of the Fourteenth Amendment*

As the Plaintiff has failed to present sufficient facts to prove that Defendant committed one of the acts enumerated in the long-arm statute, this Court need not inquire into whether the exercise of personal jurisdiction over Defendant violates the Due Process Clause of the Fourteenth Amendment.

## CONCLUSION

The Plaintiff has failed to prove that personal jurisdiction over Defendant exists because the Plaintiff has not established that Defendant committed one of the acts enumerated in Missouri's long-arm statute. Plaintiff failed to demonstrate that Defendant transacted business in Missouri or made a contract in Missouri. Accordingly, Defendant's Motion to Dismiss is GRANTED.

**IT IS SO ORDERED**.

                                                    /s/ Gary A. Fenner
                                                    GARY A. FENNER, JUDGE
                                                      United States District Court

DATED:    November 17, 2005